## Commonwealth v. Babb

*William S. Kreisher, Assistant District Attorney*, for Commonwealth.
*John A. Mihalik*, for defendant.

MYERS, *P.J.*, April 5, 1979—Defendant was charged with littering and loitering, following two separate incidents in the Borough of Berwick on July 9, 1978. Defendant was found guilty by a district justice on both charges. Defendant then filed timely appeals to this court.

A de novo hearing was held before us on March 23, 1979. At the hearing, the parties stipulated that the two charges be consolidated.

After the Commonwealth presented its case, we granted a demurrer without objection by the Commonwealth as to the charge of loitering. The remaining charge—littering—remains before us for disposition.

Defendant is charged under 18 Pa.C.S.A. §6501, which makes it an offense to scatter rubbish on any

" . . . road, street, highway, or alley, or upon the land of another or into or upon any stream or navigable river."

The evidence produced at the hearing established that defendant threw a lighted cigarette from his vehicle onto a Borough of Berwick police car. Defendant denied the act, but we are satisfied that the account given by the arresting officer was true and correct.

In our view, however, throwing a lighted cigarette onto a car is not an offense under 18 Pa.C.S.A. §6501. First, section 6501 specifically requires that the rubbish be thrown onto the street or the ground, or into a stream. Throwing rubbish onto someone else's vehicle is not a prohibited offense under section 6501.

Second, we do not believe that cigarettes were intended by the Pennsylvania legislature to be included in the definition of "rubbish." The items described as "rubbish" in section 6501 do not specifically include cigarettes, nor do cigarettes seem to be within the same category as the items which section 6501 does specifically describe.

It is true that many people possess the annoying and sometimes dangerous habit of discarding cigarettes from their vehicles. While this practice is subject to reproach, it was not the legislature's intention to proscribe it. Further, if such conduct were a criminal offense, there would be enormous enforcement problems, along with a substantial risk of arbitrary or discriminatory arrests.

The offensive part of defendant's act was not that he discarded a cigarette, but that he threw it onto a police car. In our view, such conduct is prohibited by the Crimes Code, not as scattering rubbish, but rather as disorderly conduct.

Under 18 Pa.C.S.A. §5503(a)(4), it is an offense, inter alia, to intend to cause public annoyance by creating a hazardous or physically offensive condition which serves no legitimate purpose. We believe that throwing cigarettes onto a police car fits within this definition.

Accordingly, if defendant had been charged under section 5503(a)(4), we would likely have found him guilty. Since, however, he was charged under section 6501, we are compelled to render a verdict of not guilty.

We would comment, in passing, that, in spite of the "not guilty" verdicts, we found defendant's actions to be arrogant and contemptuous in both cases. It seems he might be well advised to launder his attitude. Otherwise, the law of averages has a knack of operating in ways unexpected.

## ORDER

And now, April 5, 1979, after hearing held, we adjudge defendant not guilty of the charges of loitering and littering.